(730 P.2d 1096)
No. 59,139

RHODA VOGEL, *Appellee,* v. WILLIAM G. HAYNES, *Appellant.*

Petition for review denied December 18, 1986.

Opinion filed October 2, 1986.

*William G. Haynes,* of Topeka, appellant pro se.

*Eric Kjorlie,* of Topeka, for appellee.

Before BRAZIL, P.J., TERRY L. BULLOCK, District Judge, assigned, and FREDERICK WOLESLAGEL, District Judge Retired, assigned.

WOLESLAGEL, J.: Rhoda Vogel, appellee, a retired school-teacher, rented living quarters from William G. Haynes, appellant, a practicing attorney. The lease was month-to-month but contained a provision that Vogel would keep the premises for one year. Before the end of one year, Vogel gave timely notice of termination and asked for the return of a security deposit she had advanced. Haynes refused the request without any written notice of damages he sustained by reason of Vogel's failure to comply with the one-year provision in the rental agreement.

Haynes lost in small claims court and lost in his appeal to district court. In the district court decision, Judge Macnish affirmed Vogel's judgment because of Haynes' failure to comply with the notice provision of K.S.A. 58-2550(b). The court also made findings of fact which are not disputed:

"1. On January 6, 1983, the Plaintiff entered into a written rental agreement with the Defendant which provided:

" '1. The Lessor hereby rents to Lessee and Lessee rents from Lessor, the

premises known as Apartment No. 203. Lessor reserves and Lessee covenants and agrees to pay Lessor as rent, the sum of $195.00 per month on the first day of each month, unless written notice of adjustment is given thirty (30) days in advance.

" 'Lessee is taking possession of the premises on the 15 day of Jan., 1983. Lessee shall pay on the execution of the Agreement the sum of $_____ as rent from the date of possession to the 1 day of Feb., 1983. On the first day of Feb., 1983, Lessee shall pay $195.00 as rent from the 1 day of Feb., 1983 to the 1 day of March, 1983. Thereafter, rent in the amount of $195.00 shall be due on the first day of each month.

" '2. Lessor may terminate this Agreement on the last day of any month by giving thirty (30) days prior notice in writing. Lessee may terminate this Agreement on the last day of any month by giving thirty (30) days prior written notice upon the following conditions.

" '3. The Lessee agrees to deposit with Lessor the sum of $110.00, the receipt of which is hereby acknowledged by cancelled check or receipt, as security to the Lessor for the performance of this Agreement, the return of any keys and equipment used, to Lessee, and for any damage to the premises, furnishings or equipment therein, except ordinary wear and use. The deposit shall be returned if in the Lessor's (Owner's) opinion all of the Lessee's (Renter's) obligations in this Agreement have been fulfilled on the termination of this Agreement and the Lessee (Renter) has remained for a minimum of one (1) year from the date that Lessee (Renter) paid the first full month rent under this Agreement. It is understood that the aforesaid deposit is not a prepayment of rent and Lessor (Owner) shall not be obligated (although it may do so at its option) to apply said deposit to any unpaid rent or any portion thereof.'

"2. On or about June 26, 1983, Plaintiff gave the Defendant notice that she intended to vacate apartment 203 in the Curtis Building on or before July 31, 1983.

"3. Plaintiff advised the Defendant that she had forwarded a money order comprising rent for the month of July to the property managers.

"4. Upon receipt of the Plaintiff's written notice terminating the tenancy, the Defendant did not provide the Plaintiff with a written itemization notifying her of damages suffered by any noncompliance with K.S.A. 58-2555 or the rental agreement, as required by K.S.A. 58-2550(b).

"5. The Plaintiff gave the Defendant a written request for the return of her security deposit.

"6. Plaintiff resided in the apartment for six months after signing the rental agreement.

"7. The Plaintiff's failure to remain in the apartment for a period of one year is the only reason the Defendant did not return the security deposit to the Plaintiff.

"8. The Plaintiff filed a Petition in November, 1983, in the Small Claims Court, well after thirty days from the date the Plaintiff terminated the tenancy, redelivered possession to the Defendant and requested the return of the security deposit.

"9. Defendant was served on December 5, 1983, notifying him of the pending action, docketed for December 28, 1983.

"10. On December 28, Defendant failed to appear and a default judgment was awarded to the Plaintiff.

"11. The Defendant subsequently filed a motion to set aside the default judgment.

"12. A trial setting was had on January 18, 1984, at which the defendant again failed to appear.

"13. The Court entered a default judgment for the Plaintiff. The Court set the matter for a hearing on April 25, 1984, to permit the Defendant to show what good cause he had for not appearing on January 18.

"14. An evidentiary hearing was held on May 2, 1984.

"15. The Defendant failed to appear. Default judgment was entered against him in the amount of $110.00, the amount of the security deposit, plus costs.

"16. The Defendant appealed the judgment of the Small Claims Court to this Court.

"[17.] Prior to receiving notice of Defendant's appeal, the Plaintiff garnished the Defendant's partnership account and the Clerk of Limited Actions paid out to the Plaintiff her lower judgment in the amount of $110.00."

Haynes asks us to make a number of rulings we decline to make. He wants us to find his security deposit provision in the lease was a "liquidated damage" provision and not prohibited by the Act. In the lease it is termed a *"deposit . . . as security to the Lessor for the performance of this Agreement."* (Emphasis added.) We find no language common to liquidated damage clauses. Also, a lump sum penalty, common to liquidated damages, is proscribed by K.S.A. 58-2550(b) which provides only for actual damages sustained.

Haynes also asks us to make a finding that his lease form is not unconscionable, a finding we determine is not necessary for our decision.

Turning to the first issue in this case, and the only issue when this appeal was taken, we note that K.S.A. 58-2550(a) authorizes security deposits and sets some limitations upon their amount. K.S.A. 58-2550(c) states that if a landlord fails to comply with K.S.A. 58-2550(b), "the tenant may recover that portion of the security deposit due together with damages in an amount equal to one and one-half (1 ½) the amount wrongfully withheld."

This appeal is determined by that part of K.S.A. 58-2550(b) which states:

"Upon termination of the tenancy, any security deposit held by the landlord may be applied to the payment of accrued rent and the amount of damages which the landlord has suffered by reason of the tenant's noncompliance with K.S.A. 58-2555 *and the rental agreement, all as itemized by the landlord in a written notice delivered to the tenant."* (Emphasis added.)

Since it is undisputed that the notice was not given, we find it hard to understand how the correctness of the trial judge's decision is subject to question.

The rental agreement stated that occupancy for one year was a condition to the return of Vogel's deposit. Vogel failed to fulfill that provision of the agreement. The statute required Haynes to give written notice to Vogel itemizing damages resulting from her "noncompliance" with "the rental agreement."

If, however, something more than the plain language of the statute is needed, that is supplied by *Geiger v. Wallace*, 233 Kan. 656, 660, 664 P.2d 846 (1983), which approved a trial court judgment similar to this judgment, and on the same basis.

Haynes next argues that attorney fees are not allowable for this appeal. He claims they are statutorily provided only for the district court appeal. We agree. We do not agree that necessarily decides the question. Haynes supports his position by stating that the allowance of fees would be proper only if provided by statute. He then points out that, under K.S.A. 61-2709(b), the statute governing this appeal is Article 21 of Chapter 60 of Kansas Statutes Annotated. We agree that chapter 60, rather than chapter 61, governs the *methodology* of the appeal. We see no reason it should govern more than that.

Haynes then proposes that attorney fees would be allowable under Supreme Court Rule No. 7.07(b) (235 Kan. lxxv) only if the appeal has been taken frivolously. We are reluctant to find frivolity here. The plain language of K.S.A. 58-2550(b) and the easy to understand language of *Geiger* make it hard for us to understand how it could be thought this appeal would succeed. Haynes does, however, claim with apparent sincerity that he wanted rulings on some matters that we find unnecessary for this decision.

We believe the question of allowance of fees on this appeal should be decided based upon the similarity of purpose underlying our Kansas Small Claims Procedure Act as compared to the legislative purpose in K.S.A. 60-2006 which relates to limited damages in automobile collision cases: the provision of a forum functioning in such a way that a small claimant is not burdened financially or otherwise by delay or legal maneuvering. See *Stafford v. Karmann*, 2 Kan. App. 2d 248, 252, 577 P.2d 836 (1978), wherein it states, "While K.S.A. 60-2006 does not ex-

pressly authorize the award of fees for an appeal, inherent in its meaning is the concept that attorney's fees should be awarded for all services rendered for the benefit of the one who proceeds under the provisions of the section." Syllabus paragraph six of the same case states that "the award of such fees effectuates the purpose of the statute and is inherently allowed by its provisions." 2 Kan. App. 2d 248. See also *Squires v. City of Salina*, 9 Kan. App. 2d 199, 202, 675 P.2d 926 (1984), in which the court speaks of remedying "the primary evil" of delaying "payment of just claims in the hope that the injured party would grow weary of, or short of money to finance, lawsuits for the recovery of small to modest damages."

Vogel's request and itemization for allowance of attorney fees has been reviewed and found reasonable in amount. The decision of the trial judge is affirmed and attorney fees for this appeal are allowed "to effectuate the purpose" of the Kansas Small Claims Procedure Act.