NOT DESIGNATED FOR PUBLICATION

No. 123,901

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JASON SMITH,
*Appellee/Cross-appellant*,

v.

ROSALVA PEREZ et al.,
*Appellants/Cross-appellees*.

MEMORANDUM OPINION

Appeal from Seward District Court; BRADLEY E. AMBROSIER, judge. Opinion filed May 27, 2022. Affirmed.

*Razmi M. Tahirkheli*, of Tahirkheli & Premer-Chavez Law Office, L.L.C., of Kansas City, for appellants/cross-appellees.

*Grant C. Shellenberger*, of Shellenberger & Associates, P.A., of Manhattan, for appellee/cross-appellant.

Before HURST, P.J., GARDNER, J., and PATRICK D. MCANANY, S.J.

PER CURIAM: Jason Smith sued Rosalva Perez and Carlos Ernest Garcia in the magistrate court for breach of contract based on Perez and Garcia's failure to pay $5,000 owed on a truck. The magistrate court ruled in Smith's favor and later granted Smith's motion for expenses. On appeal, the district court found Smith's action was barred by the statute of limitations and dismissed it, but it affirmed the magistrate court's order awarding Smith expenses. Perez and Garcia appeal the order of expenses, and Smith

cross appeals the district court's dismissal based on the statute of limitations. Based on the record, we affirm the appeal and the cross-appeal.

*Factual and Procedural Background*

Smith sued Perez and Garcia under Chapter 61 of the Kansas Code of Civil Procedure for Limited Actions (K.S.A. 61-2801 et seq.). Smith filed this action on June 17, 2019, arguing Perez and Garcia breached a contract to purchase his truck. That contract succinctly states:

> "This regards to the purchase of a 2004 Freightliner Columbia VIN 1FUJA6CG04LM11425. Purchaser is putting $7000 down towards the purchase price of $15,000. Remaining balance will be paid in monthly payments of $1500 on the first day of the month beginning in September 2013, until the remaining balance is satisfied."

*Basis of Smith's Petition and Pretrial Proceedings*

A magistrate court judge not admitted to practice law in Kansas first presided over Smith's claim. Smith argued that the parties had entered into a written contract, that Perez and Garcia had made a $7,000 down payment toward the $15,000 purchase price in August 2013, a $1,500 payment in September 2013, and a final $1,500 payment in November 2013, so Perez and Garcia still owed him $5,000 for the truck.

Smith later amended his petition, adding a claim of fraud. He alleged that Perez and Garcia had fraudulently converted the truck's Oklahoma certificate of title to a Kansas title without his permission and without noting his lien on the truck.

Perez and Garcia moved to dismiss Smith's petition, arguing the statute of limitations had expired 10 months before Smith sued them. Perez and Garcia separately moved to dismiss Smith's petition for failing to state a claim. Perez and Garcia later

moved to withdraw their motion to dismiss based on the statute of limitation as prematurely filed, conceding that a statute of limitations claim was an affirmative defense and discovery was ongoing.

Shortly before that, Smith moved to compel discovery, arguing that Perez and Garcia had refused to respond to his outstanding requests for admissions. A few weeks later, Perez and Garcia responded that they had been visiting family in another country and were thus unable to timely respond. Perez and Garcia also argued that no hearing was needed on discovery matters because they had complied with Smith's requests for production of documents and interrogatories.

The magistrate judge held a hearing, granted Perez and Garcia's motion to withdraw their motions to dismiss, granted Smith's motion to compel, and imposed a $300 sanction against Perez and Garcia.

*Trial*

At the beginning of trial, counsel for Perez and Garcia asked the magistrate court to transfer this case from Chapter 61 proceedings to Chapter 60. Perez and Garcia wanted to pursue a counterclaim for malicious prosecution against Smith, but the damages would exceed the limits allowed under a Chapter 61 small claims action. The magistrate court denied that motion.

Perez testified that in October and November 2013, Perez and Garcia had contacted Smith and told him the truck had several technical problems. He said that Smith then agreed to accept $10,000 instead of $15,000 for the truck.

Smith denied Perez' allegation of an oral modification to the written contract. He testified that he never agreed to sell the truck at a reduced price. Smith conceded that he

3

had conversations with Perez and Garcia about late payments and at one point he had agreed Perez and Garcia could make one payment one week late in December. Smith also testified that he tried several times to contact Perez and Garcia in person and over the phone. Then he eventually cornered Perez as she was leaving work, but Perez refused to pay any more for the truck and said Smith would have to sue to get the rest of the money.

Smith also admitted copies of the contract and the truck's title. Smith testified that he had signed the title and sent it to Perez and Garcia, but he did not fill out the odometer reading or the $10,000 purchase price. He also elicited testimony from the person who had notarized Perez and Garcia's signatures on the title, but the notary explained that she had witnessed only Perez and Garcia's signatures—she did not know Smith and had not seen him sign the title.

In their closing arguments, the parties addressed the statute of limitations issue. The parties agreed that Smith filed his petition in June 2019. But Smith argued that his time to file did not begin to run until August or September 2014, when Perez told Smith Perez and Garcia would no longer pay for the truck and he would have to sue them. Counsel for Perez and Garcia argued that the statute of limitations began running in October or December 2013. Still, Perez and Garcia's counsel admitted that he had already withdrawn his motion to dismiss based on the statute of limitations claim, explaining that he had filed that motion prematurely because he "jumped the gun . . . [and] was just trying [to] save [his] client time and all that money."

The parties also argued about Smith's claims. After a contentious back and forth between the attorneys, the magistrate court entered a credibility finding and judgment in Smith's favor. In its written order, filed November 23, 2020, the magistrate court rejected Perez and Garcia's defense that Smith agreed to modify the contract to a purchase price of $10,000 and held that per the terms of the written contract, Perez and Garcia owed Smith $5,000 plus accrued interest. The magistrate court also found Perez and Garcia had

4

fraudulently converted the Oklahoma title. And ultimately, the magistrate court ordered Perez and Garcia to pay $10,061.46 on Smith's claim.

*Appellate Proceedings in the District Court and Order for Expenses*

Perez and Garcia filed a premature notice of appeal on October 28, 2020, from the magistrate court's verbal ruling then amended that appeal on November 25, 2020, after the court's written order. In between those two events, on November 3, 2020, the chief judge of the district court filed an order assigning the appeal to a district court judge. The following day, Smith filed a Kansas Supreme Court Rule 170(b)(2) (2022 Kan. S. Ct. R. at 236) notice and proposed order. Smith also moved for expenses under K.S.A. 2020 Supp. 60-211(c) (incorporated in Chapter 61 actions by K.S.A. 61-2908) and K.S.A. 61-3102. Smith alleged Perez and Garcia had improperly moved to dismiss and had failed to respond to his requests for admissions.

Perez and Garcia then responded to Smith's motion for expenses and filed their own motion for sanctions against Smith. The magistrate court held a hearing on November 18, 2020. Smith appeared at the hearing through his counsel, but Perez and Garcia did not appear. The magistrate court granted Smith's motion and ordered Perez and Garcia to pay $7,567.02 in attorney fees and other expenses.

Perez and Garcia filed a notice of appeal from that order and moved to set it aside, arguing the magistrate court lacked jurisdiction to make any rulings after they had appealed to the district court. Perez and Garcia also claimed that res judicata precluded Smith's motion for expenses.

Smith responded to Perez and Garcia's motion to set aside and cross appealed the magistrate court's order for expenses. Smith argued that the magistrate court erred in granting only some of his requested expenses.

5

*District Court's Order Dismissing Smith's Claim but Affirming Order for Expenses*

The parties each filed briefs in the district court before the district court entered its final ruling on their claims and crossclaims. In a footnote, Smith suggested the district court take judicial notice of case 2018 LM 001183, in which Smith allegedly filed but voluntarily dismissed his first lawsuit against Perez and Garcia in November 2018. Perez and Garcia's reply brief focused on the statute of limitations, arguing Smith's petition was untimely and his claim of fraud did not toll the time to file.

The district court's written decision dismissed Smith's petition as untimely but affirmed the magistrate court's order for sanctions. The district court applied K.S.A. 60-511, the five-year statute of limitations for breach of contract actions and found Smith had first filed his claim against Perez and Garcia in November 2018, as Smith footnoted in his brief. But the district court found the statute of limitations began to run on April 1, 2013, so his petition was untimely. The district court explained that after the parties entered their written agreement, Perez and Garcia made a $7,000 down payment and two $1,500 payments in September and November 2013. It then found that had Perez and Garcia made timely monthly payments as agreed, the contracted $15,000 sum would be paid in full by "April 1, 2013," although that date predates the formation of the contract.

In affirming the magistrate court's order for expenses, the district court found that motions to dismiss, presumably brought under K.S.A. 2020 Supp. 60-212(b)(6), are not allowed in Chapter 61 cases, and that Perez and Garcia's motions to dismiss did not comply with the statutory rules or Kansas Supreme Court rules relating to summary judgments, which are allowed in Chapter 61 cases. The district court did not specifically

address Perez and Garcia's motion to set aside the magistrate court's order or Perez and Garcia's motion for sanctions, but impliedly rejected both.

Perez and Garcia now appeal the district court's decision that they pay Smith's expenses, and Smith cross appeals the district court's decision that his breach of contract claim against Perez and Garcia was barred by the statute of limitations.

*Did the Magistrate Court Lack Jurisdiction or Otherwise Err in Granting Smith's Motion for Expenses?*

*The Magistrate Court's Order*

The magistrate court relied on two statutes to grant Smith's motion for expenses. First, the magistrate court ordered sanctions under K.S.A. 2020 Supp. 60-211(c), finding Perez and Garcia had twice improperly moved to dismiss Smith's petition. The magistrate court found Perez and Garcia's filings caused Smith's counsel to spend 4.9 hours defending those motions at a rate of $350 per hour, totaling $1,715 in attorney fees.

Second, the magistrate court imposed attorney fees of $5,000 under K.S.A. 61-3102, finding Perez and Garcia had improperly denied Smith's requests for admissions. The court agreed that Smith's counsel had accrued over $14,000 in attorney fees related to that issue, but it found the award should not exceed the amount in controversy for the breach of contract action, so it limited its award to $5,000. The district court also awarded Smith $852.02 for other expenses.       The district court found that Smith incurred around $22,260 in attorney fees, or $15,900 if using a reduced hourly rate, but it limited Smith's award to $7,567.02 because this amount was "reasonable in light of the dispute at issue."

*Failure to Preserve Claims on Appeal*

We first address a procedural matter. Smith argues that because Perez and Garcia challenge only "sanctions," they have impliedly abandoned any claim about the order for attorney fees under K.S.A. 61-3102, requiring imposition of fees caused by a party's wrongly denied admissions. We agree that Perez and Garcia do not specifically reference that statute and instead challenge the district court's findings under K.S.A. 2020 Supp. 60-211. As a result, Perez and Garcia have waived any issue about the propriety of the order for attorney fees under K.S.A. 61-3102. See *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021) (issues not briefed); *In re Marriage of Williams*, 307 Kan. 960, 977, 417 P.3d 1033 (2018) (issues not adequately briefed).

Perez and Garcia likewise failed to appeal the magistrate court's order imposing a $300 fee for discovery violations. And their only statement on appeal about that sanction is conclusory. See *In re Adoption of T.M.M.H.*, 307 Kan. 902, 912, 416 P.3d 999 (2018) (dismissing points without pertinent authority); *Russell v. May*, 306 Kan. 1058, 1089, 400 P.3d 647 (2017) (dismissing points raised incidentally). Still, the procedural matters we address below also compel us to affirm the order for expenses (as we call them).

*The Magistrate Court had Jurisdiction to Rule on Smith's Motion.*

Perez and Garcia first contend that the magistrate court lacked jurisdiction to rule on Smith's motion for expenses because that motion was filed after Perez and Garcia had filed their notice of appeal to the district court. If the magistrate court lacked jurisdiction, the district court similarly lacked jurisdiction to consider the issue of expenses.

Whether jurisdiction exists is a question of law over which our scope of review is unlimited. *Via Christi Hospitals Wichita v. Kan-Pak*, 310 Kan. 883, 889, 451 P.3d 459 (2019). To the extent this issue involves statutory interpretation, this court also has

8

unlimited review over that question of law. See *Nauheim v. City of Topeka*, 309 Kan. 145, 149, 432 P.3d 647 (2019).

Generally, an appeal does not divest a district court of jurisdiction until the appeal is properly docketed in the appellate court. See *In re Care & Treatment of Emerson*, 306 Kan. 30, 33, 392 P.3d 82 (2017). The docketing of the appeal is necessary to perfect the appeal. 306 Kan. at 34-35. That rule routinely applies to appeals from a district court to an appellate court.

But no docketing requirement exists for appeals from a magistrate court to a district court. Perez and Garcia argue that in this context, the chief judge's order assigning a district court judge is comparable to docketing an appeal, citing *City of Wichita v. Houchens*, 184 Kan. 297, 297-98, 335 P.2d 1117 (1959) (the district court controls its docket), and *State v. Higby*, 210 Kan. 554, Syl. ¶ 3, 502 P.2d 740 (1972) (the district court controls its calendar). But these cases are not directly on point. The right to appeal is entirely statutory. Thus, subject to certain exceptions, Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statutes. See *Wiechman v. Huddleston*, 304 Kan. 80, 86-87, 370 P.3d 1194 (2016). Neither party identifies which statute controls here.

Yet there is a controlling statute. K.S.A. 2020 Supp. 61-2709(a) states that an appeal under the small claims procedure act "shall be perfected upon the filing of the notice of appeal."

> "(a) An appeal may be taken from any judgment under the small claims procedure act. All appeals shall be by notice of appeal specifying the party or parties taking the appeal and the order, ruling, decision or judgment complained of and shall be filed with the clerk of the district court within 14 days after entry of judgment. . . . *An appeal shall be perfected upon the filing of the notice of appeal. When the appeal is perfected, the clerk of the court or the judge from which the appeal is taken shall refer*

9

*the case to the chief judge for assignment in accordance with this section.*" (Emphasis added.)

Perez and Garcia filed their notice of appeal to the district court on October 28, 2020, after the magistrate judge ruled from the bench for Smith on his breach of contract claim on October 21, 2020. The chief judge assigned the appeal to the district court judge on November 3, 2020. Smith filed his motion for expenses the next day and the magistrate judge granted that motion in part on December 17, 2020. The magistrate judge then filed its written order on Smith's original claim on November 23, 2020.

Perez and Garcia filed a premature notice of appeal—after the court announced its judgment but before the court filed its written journal entry. A premature notice of appeal ripens into a valid notice of appeal once the written journal entry is filed. Supreme Court Rule 2.03(a) (2022 Kan. S. Ct. R. at 15) (stating that a premature notice of appeal is effective as notice of appeal under K.S.A. 60-2103 if it identifies the judgment or part of the judgment from which the appeal is taken with sufficient certainty to inform all parties of the rulings to be reviewed on appeal). So once the magistrate court filed its journal entry on November 23, Perez and Garcia's October notice of appeal was effective. See Rule 2.03(a). Under K.S.A. 61-2709(a), the magistrate court lost jurisdiction to modify its breach of contract judgment on November 23.

But Perez and Garcia do not appeal the breach of contract judgment—they appeal only the expenses order. Smith moved for expenses on November 4, 2020, and the magistrate judge granted that motion in part on December 17, 2020. Perez and Garcia then filed a separate notice of appeal from that order and moved to set it aside, arguing the magistrate court lacked jurisdiction to make any rulings after their October notice of appeal to the district court.

Perez and Garcia fail to recognize that motions for sanctions or expenses may raise matters distinct from the merits of a petitioner's claim. See, e.g., *Gant v. Birk*, No. 114,823, 2017 WL 3203567, *17-18 (Kan. App. 2017) (unpublished opinion) (recognizing district court's order imposing sanctions for discovery violations as separate judgment from merits of the case). So, under certain circumstances, a court retains jurisdiction to consider collateral issues, including attorney fees, even after a party has appealed its decision on the merits of the case. See *Hernandez v. Pistotnik*, 60 Kan. App. 2d 393, 406-07, 494 P.3d 203 (2021) (citing *Lancaster v. Independent School Dist. No. 5*, 149 F.3d 1228, 1237 [10th Cir. 1998]); see also *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990) ("It is well established that a federal court may consider collateral issues after an action is no longer pending. . . . This Court has indicated that motions for costs or attorney's fees are 'independent proceeding[s] supplemental to the original proceeding and not a request for a modification of the original decree.'[Citation omitted].").

That is the case here. Although the cases cited above deal with appeals from a district court to an appellate court, their rationale and holding apply equally to an appeal from a magistrate court to a district court. The magistrate court retained jurisdiction to consider Smith's motion for expenses even though Perez and Garcia had already perfected an appeal from that court's judgment on the merits of Smith's breach of contract claim.

### The Doctrine of Claim Preclusion Does not Apply.

Perez and Garcia next claim that the doctrine of claim preclusion bars Smith's posttrial motion for expenses. Whether the doctrine of res judicata applies in a certain case is an issue of law over which appellate courts exercise unlimited review. *State v. Salary*, 309 Kan. 479, 481, 437 P.3d 953 (2019); see also *Knowles v. Fleetwood*

11

*Motorhomes of California, Inc.*, 40 Kan. App. 2d 573, 577, 194 P.3d (2008) (res judicata encompasses issue and claim preclusion).

To show that claim preclusion applies, Perez and Garcia need to show that the following conditions coincide: "'(1) identity in the thing sued for, (2) identity of the cause of action, (3) identity of persons and parties to the action, and (4) identity in the quality of persons for or against whom claim is made.' [Citation omitted.]" *In re Care & Treatment of Sigler*, 310 Kan. 688, 699, 448 P.3d 368 (2019). A change in any one of these conditions may render res judicata inapplicable. 310 Kan. at 699.

Claim preclusion is based on the need for finality in judgments. "It is founded on the principle that the party, or some other party in privity, has litigated or had an opportunity to litigate the same matter in a former action in a court of competent jurisdiction. [Citations omitted.]" *Jackson Trak Group, Inc. v. Mid States Port Authority*, 242 Kan. 683, 690, 751 P.2d 122 (1988). And it can apply to claims brought as limited actions. Cf. *Jarvis v. Bank of Blue Valley*, No. 106,125, 2012 WL 5392090, at *3-5 (Kan. App. 2012) (unpublished opinion).

Perez and Garcia claim that because Smith had the knowledge of facts forming the basis for his motion for expenses, yet he did not move for expenses until after trial and judgment on the merits, his motion for expenses is barred. But Smith did not initiate a separate action by moving for expenses. True, an appellant in a small claims action is entitled to the district court's de novo review of the magistrate court's adverse judgment. See *Brown v. Zimmerman*, 61 Kan. App. 537, 540-43, 506 P.3rd 300 (2022) (holding that K.S.A. 2020 Supp. 61-2709[a] controls over K.S.A. 2020 Supp. 20-302b[c][2]). But a district court's de novo review of an appeal from a magistrate court is not a separate action—it is an appeal from one action to a higher court. Because the record fails to show a same claim between the same parties that reached a final judgment on the merits before

12

Smith moved for expenses posttrial, we agree with Smith that res judicata does not preclude his posttrial motion for sanctions.

*No Abuse of Discretion Has Been Shown.*

Perez and Garcia next generally challenge the district court's order affirming the magistrate court's award of expenses as factually and legally erroneous. Perez and Garcia assert the magistrate court sanctioned them for non-sanctionable conduct—trying to reasonably dispose of a frivolous suit against them.

But Perez and Garcia did not raise this issue in their appeal to the district court. There, they raised only arguments about jurisdiction and claim preclusion. Under our general rule, issues not raised in the trial court cannot be raised for the first time on appeal. We thus dismiss Perez and Garcia's abuse of discretion claim. See *Gannon v. State*, 303 Kan. 682, 733, 368 P.3d 1024 (2016); see also *Wurtz v. Cedar Ridge Apartments*, 28 Kan. App. 2d 609, 615, 18 P.3d 299 (2001) (finding district courts reviewing magistrate court orders on appeal from small claims action may consider only claims properly raised on appeal).

One example shows why this rule exists. Perez and Garcia contend that the court did not explain why it ordered sanctions and failed to apply the nine-factor test from *Wood v. Groh*, 269 Kan. 420, 431, 7 P.3d 1163 (2000). So, they ask us to vacate the order of sanctions against them. But this court is not well-suited, on appeal, to make initial determinations on *Groh* factors, such as whether the improper conduct was willful or negligent, whether the person has engaged in similar conduct in other litigation, or whether the conduct was intended to injure. Such matters are not readily determined from a record on appeal. We are a court of review, not a fact-finding court. *State v. Hutto*, 313 Kan. 741, 746-47, 490 P.3d 43 (2021); see *State v. Vonachen*, 312 Kan. 451, 457-58, 476 P.3d 774 (2020). If the magistrate court failed to consider these factors, Perez and

Garcia's remedy was to ask that court for further findings, and then to raise that issue on appeal. Because they did not do so, we cannot reach the merits of this issue.

We thus affirm the order for Perez and Garcia to pay Smith sanctions and expenses.

*Did the District Court Err by Not Holding a Hearing on Perez and Garcia's Motion for Sanctions*?

Perez and Garcia next contend that they moved for sanctions against Smith, yet they never got a hearing or a ruling on that motion. They ask us to remand for further proceedings. Although the record supports Perez and Garcia's claim that the district court did not enter a ruling or hold a hearing on their motion, we find no reversible error.

Perez and Garcia's motion for sanctions did not request attorney fees under K.S.A. 2020 Supp. 61-2709(a) (regarding attorney fees for a successful appeal). Rather, they relied on K.S.A. 2020 Supp. 60-211, alleging wrongful prosecution. Perez and Garcia also filed their motion without setting a date for a hearing as required under K.S.A 61-2903(c). So any fault for not holding a hearing on their motion rests with Perez and Garcia.

Still, the court held a hearing on Smith's motion for sanctions after Perez and Garcia filed their motion for sanctions against Smith. Yet Perez and Garcia chose not to appear at that hearing. They neither opposed Smith's motion against them nor argued in favor of their motion against Smith. And when the court ruled on Smith's motion for sanctions against them but not on their motion for sanctions against Smith, Perez and Garcia did not seek further findings from the court. When no request is made to the trial judge for additional findings, we generally presume that the judge has made the necessary factual findings and legal conclusions to support his or her decision. *Dragon v. Vanguard*

14

*Industries*, 282 Kan. 349, 356, 144 P.3d 1279 (2006); see also *State v. Johnson*, 258 Kan. 61, 65, 899 P.2d 1050 (1995) (noting that trial judge is presumed to know the law). Application of that rule means that we presume the judge denied Perez and Garcia's motion. Perez and Garcia failed to adequately pursue their motion before filing this appeal.

Moreover, the record conclusively shows that additional proceedings are not warranted. In their motion and appellate brief, Perez and Garcia make two arguments. First, they argue that Smith should have been sanctioned for raising the "outrageous" claim that the statute of limitations did not begin to run on his small claims action until November 2020. But Smith did not raise that argument in the magistrate court so he could not have been sanctioned for that argument.

Second, Perez and Garcia argue that Smith failed to properly state a claim or present evidence on his claim of fraud. Yet the record does not support this argument either, as Smith admitted a copy of the truck's title and his testimony suggested that Perez and Garcia had added, or at least had the opportunity to add, incorrect information to the truck's title without his knowledge. Although the district court found insufficient evidence of fraud, the record fails to show that Smith's claim of fraud was frivolous or otherwise warranted sanctions under K.S.A. 2020 Supp. 60-211. Our review shows no basis for a remand for additional proceedings.

*Did the District Court Err in Dismissing Smith's Petition as Time-Barred?*

Lastly, we reach Smith's cross appeal of the district court's order dismissing his breach of contract claim as time barred under K.S.A. 60-511(1)'s five-year statute of limitations.

We exercise unlimited review of the application of a statute of limitations. *Law v. Law Company Building Assocs.*, 295 Kan. 551, 566, 289 P.3d 1066 (2012). In doing so, we consider whether substantial competent evidence supports the district court's factual findings. See *Schoenholz v. Hinzman*, 295 Kan. 786, 792-93, 289 P.3d 1155 (2012); *In re Estate of Baum*, No. 105, 338, 2012 WL 2620548, at *7-8 (Kan. App. 2012) (unpublished opinion).

"'The test to determine when an action accrues is that point when a plaintiff could have first filed and prosecuted an action to a successful conclusion.'" *Hewitt v. Kirk's Remodeling & Custom Homes, Inc.*, 49 Kan. App. 2d 506, 512, 310 P.3d 436 (2013).

> "'The action accrues when the contract is violated and not at the time when the plaintiff learns that it has been violated. In the absence of a statute making concealment an exception to the statute of limitations, the courts cannot create one, however harsh and inequitable the enforcement of the statute may be. [Citations omitted.]'" *Law*, 295 Kan. at 568.

The district court found the five-year limit began to run on April 1, 2013, and expired before Smith first sued in November 2018. Smith argues that the district court erred by finding the time to file his petition began on April 1, 2013, instead of April 1, 2014. He contends the district court correctly found Smith first brought his suit against Perez and Garcia in November 2018, so his petition was timely (April 2014 to November 2018) under the five-year statute of limitations for written contracts.

In support of his argument that the district court meant to state April 2014 instead of April 2013, Smith alleges:

- the parties' written contract was in August 2013;
- Perez and Garcia paid $10,000 of the $15,000 contract price in 2013;

16

- Perez and Garcia did not make a payment in December 2013; and
- timely payment of the remaining amounts due under the contract (3 payments of $1500 and 1 payment of $500) would make the final payment due in April 2014.

Smith supports his allegations with citations to the record, which support those facts. Thus, it appears that the district court found, erroneously, that the accrual date for the statute of limitations predated the formation of the contract.

Smith tried to correct the district court's apparent error in finding the cause of action accrued on April 1, 2013. He timely moved to alter or amend the district court's judgment, asking it to correct the starting date for its statute of limitations analysis from April 1, 2013, to April 1, 2014. But the district court correctly dismissed that motion for lack of jurisdiction because Smith had already docketed his appeal of that judgment from the district court to this court, as the time requirements compelled him to do. Smith's docketing his appeal deprived the district court of jurisdiction to alter its judgment.

Perez and Garcia claim that Smith never mentioned the November 2018 date and that the district court "came up with that date all on its own." But the record refutes that claim. Smith, in a footnote in his brief to the district court, countered defense counsel's argument that he had first sued them in 2019, saying, "judicial notice can be taken of 2018-LM-001183, which was voluntarily dismissed due to inability to obtain service."

Under K.S.A. 60-412(c), a reviewing court in its discretion may take judicial notice of any matter specified in K.S.A. 60-409. Under that statute, a district court may take judicial notice of "such facts as are so generally known or of such common notoriety within the territorial jurisdiction of the court that they cannot reasonably be the subject of dispute." K.S.A. 60-409(b)(3). This includes a copy of a court record. See K.S.A. 60-465 (a)(1); *In re Estate of Anderson*, 19 Kan. App. 2d 116, 119-20, 865 P.2d 1037 (1993)

(holding that an attested copy of a record of a Kansas court is competent evidence and can be judicially noticed). Whether Smith sued Perez and Garcia about the truck in November of 2018 was a fact that could easily be determined from the district court's records and could not be reasonably disputed. See *State v. Finch,* 291 Kan. 665, 674, 244 P.3d 673 (2011), citing *West v. Reddick, Inc.,* 302 N.C. 201, 202-03, 274 S.E.2d 221 (1981) ("court may take judicial notice of its own records in another interrelated proceeding where parties same, issues same, interrelated case referred to in case under consideration"). The district court thus properly took judicial notice of Smith's 2018 suit against Perez and Garcia.

But the fact that Smith first filed suit in 2018 makes no difference to our analysis. Smith errs in equating *filing* a suit with *commencing* a suit, for purposes of the statute of limitations. Smith's 2018 suit (a Chapter 61 limited actions case with the "LM" designation) was subject to the same rule on commencement of actions as a Chapter 60 case. See K.S.A. 2020 Supp. 61-2704 and K.S.A. 2020 Supp. 60-203. Under those statutes, a limited action, like other civil actions, is "commenced" upon filing only *if* service is perfected within 90 days thereafter; if service is not made within 90 days, the action is commenced at service of process or first publication. Under K.S.A. 60-510, a civil action must be "commenced," not merely filed, within the period stated in the applicable statute of limitations—here, the five-year statute in K.S.A. 60-511 for written contracts. Kansas caselaw is clear that to stop the statute of limitations from running, the petition must be timely filed, *and* service of process must be timely obtained on the named defendants. *Hajda v. University of Kansas Hosp. Auth.*, 51 Kan. App. 2d 761, 773, 356 P.3d 1 (2015); *Le v. Joslin*, 41 Kan. App. 2d 280, Syl. ¶¶ 2, 5-6, 202 P.3d 677 (2009).

Smith did not meet those requirements as to his 2018 case. He filed suit in 2018, but he never got service and voluntarily dismissed that case, so his 2018 suit was never commenced. It is a nullity for purposes of our analysis. The only suit "commenced" was

18

Smith's June 2019 case. So regardless of whether we use the accrual date of April 2014, or the April 2013 accrual date the district court used, this case commenced more than five years after either date. We thus affirm the district court's ruling that Smith's case is barred by the five-year statute of limitations as right for the wrong reason. See *State v. Bacon*, 309 Kan. 1235, 1239, 443 P.3d 1049 (2019).

We affirm the appeal and affirm the cross-appeal.