12 Kan. App. 2d 188 (1987)
737 P.2d 874
In the Interest of K.J. and A.J., Minor Children under 18 Years of Age.
No. 59,437
Court of Appeals of Kansas.
Opinion filed June 4, 1987.
Michael K. Ramsey, of Hope, Mills, Bolin, Collins & Ramsey, of Garden City, for appellant natural father.
Michael Quint, of Heinemann and Quint, of Garden City, for appellant natural mother.
Gerald O. Schultz, of Corley, Crotty & Assoc., Chtd., of Garden City, guardian ad litem.
Roger A. Nordeen, assistant county attorney, and Robert T. Stephan, attorney general, for appellee State of Kansas.
Before ABBOTT, C.J., PARKS and MEYER, JJ.
Aff'd 242 Kan. 418, 748 P.2d 419 (1988).
PARKS, J.:
This is an appeal by the parents of K.J. and A.J. from an order of the district court terminating their parental rights. Each parent was originally found unfit in proceedings before a district magistrate judge. The parents appealed to the district court, which agreed with the judgment of the magistrate.
Initially, the parents raise a legal issue concerning the procedure followed by the district court. They contend they were entitled to a de novo trial in their appeal to the district court and that the manner in which the court heard the appeal resulted in prejudicial error.
K.S.A. 1986 Supp. 20-302b(a)(6) provides that a district magistrate judge is empowered to hear any action pursuant to the Kansas code for care of children. The code also recognizes the magistrate's jurisdiction and further provides as follows:
"An appeal from an order entered by a district magistrate judge shall be to a district judge. The appeal shall be heard de novo within 30 days from the date the notice of appeal is filed." K.S.A. 38-1591(b).
*189 In this case, the district judge hearing the appeal determined the factual issue of parental fitness de novo but upon the evidentiary record preserved in the trial to the magistrate. The parents contend they were entitled not only to a redetermination of the issues but a re-presentation of the evidence. The district judge denied the request for a second evidentiary hearing on the basis of K.S.A. 1986 Supp. 20-302b(c), which states as follows:
"In accordance with the limitations and procedures prescribed by law, and subject to any rules of the supreme court relating thereto, any appeal permitted to be taken from an order or final decision of a district magistrate judge shall be tried and determined de novo by a district judge, except that in civil cases where a record was made of the action or proceeding before the district magistrate judge, the appeal shall be tried and determined on the record by a district judge."
The State contends that 20-302b defines the nature of the appeal procedure to be followed by the district judge hearing an appeal pursuant to K.S.A. 38-1591(b). The parents argue that K.S.A. 38-1591(b) and its designation of a de novo appeal is solely controlling.
When there is a conflict between a statute dealing generally with a subject and another statute dealing specifically with a certain phase of it, the specific statute controls unless it appears that the legislature intended to make the general act controlling. State v. Wilson, 11 Kan. App.2d 504, Syl. ¶ 1, 728 P.2d 1332 (1986); see State v. Keeley, 236 Kan. 555, 560, 694 P.2d 422 (1985). While 20-302b(c) deals generally with the manner in which appeals from the decisions of district magistrate judges are to be considered, K.S.A. 38-1591 is a specific provision describing the procedure to be followed in an appeal from a magistrate's order in a juvenile proceeding. However, the State contends that 20-302b(c) does not conflict with the juvenile provision but was intended to amplify and define the requirement of a de novo appeal. The State argues that while a de novo appeal is compelled by K.S.A. 38-1591, the meaning of "de novo" for the purposes of such an appeal is controlled by 20-302b(c). Thus, since a juvenile proceeding held pursuant to the code for care of children is a civil case (K.S.A. 38-1501), the State contends an appeal on the record was proper.
Historically, a de novo appeal to a district judge meant that the *190 case was tried and determined as if it were originally filed for hearing before the district judge. See G.S. 1949, 61-1003; Reddington v. Rank, 176 Kan. 484, 488-89, 271 P.2d 807 (1954). Thus, any elicitation of evidence in the court of origin would be disregarded and the case would begin anew. With the unification of the court system and the technological advances which permit the creation of a record by tape recording, 20-302b recognizes that it has become possible for a district judge to redetermine the issues of fact without a complete repetition of the trial already held. However, the wording of the statute creates an exception to the requirement of a de novo appeal rather than redefining the meaning of the term de novo in certain cases. Since K.S.A. 38-1591 is the more specifically applicable statute and it requires that the appeal shall be de novo without reference to 20-302b, we conclude that the appeal should have been de novo as that term has been commonly and historically used.
We hold that in an appeal from the decision of a district magistrate judge in a proceeding filed pursuant to the code for care of children, K.S.A. 38-1501 et seq., the district court must both hear the evidence and decide the facts anew, as if the case had been originally filed in the district court. The district court's resolution of this case on the record developed before the district magistrate judge was prejudicial error.
Judgment is reversed and the case is remanded for trial before the district court.