No. 59,437

In The Interest of K.J. and A.J., Minor Children Under 18 Years of Age.

(748 P.2d 419)

Opinion filed January 15, 1988.

*Michael Quint,* of Heinemann and Quint, of Garden City, argued the cause and was on the brief for the appellant natural mother.

*Michael K. Ramsey,* of Hope, Mills, Bolin, Collins & Ramsey, of Garden City, argued the cause and was on the brief for the appellant natural father.

*Roger A. Nordeen,* assistant county attorney, and *Gerald O. Schultz,* of Corley, Crotty & Assoc., Chtd., of Garden City, guardian ad litem, argued the cause, and *Robert T. Stephan,* attorney general, was with them on the brief for appellees.

*Per Curiam*: This is an appeal by the parents of K.J. and A.J. from an order of the Finney District Court terminating their parental rights. The original petition was filed pursuant to the Code for Care of Children, K.S.A. 38-1501 *et seq.*, and both parents were found to be unfit after a hearing before the district magistrate judge. The decision of the district magistrate judge terminating the parental rights of the appellants was affirmed by the district judge based upon the record of the hearing before the district magistrate judge. The Court of Appeals, in a unanimous opinion by Judge Parks, reversed and remanded. *In re K.J.,* 12 Kan. App. 2d 188, 737 P.2d 874 (1987). We granted the petition for review and, after a careful review of the issue raised, adopt

the opinion of the Court of Appeals, and, by so doing, affirm that court and reverse the district court.

The appellants raised a number of issues in their appeal to the Court of Appeals. However, the Court of Appeals found it necessary to decide only appellants' initial contention that they were entitled to a trial de novo on appeal to the district judge.

The appellants argue that this appeal is controlled by K.S.A. 38-1591(b), which provides: "An appeal from an order entered by a district magistrate judge shall be to a district judge. The appeal shall be heard *de novo* within 30 days from the date the notice of appeal is filed." Therefore, the district court erred in determining the case on the record of the proceedings before the district magistrate judge.

The appellees argue that K.S.A. 1986 Supp. 20-302b is controlling and, therefore, a determination on the record by the district judge was proper. K.S.A. 1986 Supp. 20-302b(c) provides:

"In accordance with the limitations and procedures prescribed by law, and subject to any rules of the supreme court relating thereto, any appeal permitted to be taken from an order or final decision of a district magistrate judge shall be tried and determined *de novo* by a district judge, except that in civil cases where a record was made of the action or proceeding before the district magistrate judge, the appeal shall be tried and determined on the record by a district judge."

The Court of Appeals determined that, historically, a trial de novo appeal to a district judge meant that the case was tried as if it were originally filed for trial before the district judge and had not been previously tried in a lower court. Black defines a trial de novo as "[a] new trial or retrial had in an appellate court in which the whole case is gone into as if no trial whatever had been had in the court below." Black's Law Dictionary 1677 (4th ed. rev. 1968). See *Reddington v. Rank*, 176 Kan. 484, 271 P.2d 807 (1954).

The Court of Appeals correctly held that, in an appeal from the decision of a district magistrate judge in a proceeding filed pursuant to the Code for Care of Children, K.S.A. 38-1501 *et seq.*, the district judge must hear the case as if it were originally filed for trial before the district judge. For the reasons stated by the Court of Appeals in its opinion, we conclude that the trial court's determination of this case based on the record of the trial before the district magistrate judge was prejudicial error.

The judgment of the Court of Appeals is affirmed, the judgment of the district court is reversed, and the case is remanded for trial.