No. 123,320

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

SCOTT BROWN,
*Appellee*,

v.

CASEY ZIMMERMAN,
*Appellant*.

SYLLABUS BY THE COURT

In an appeal from the judgment of a district magistrate judge who is not regularly admitted to practice law in Kansas in a proceeding on the record under the Small Claims Procedure Act, K.S.A. 61-2701 et. seq., the appeal shall be tried and determined de novo before a district judge as provided in K.S.A. 2020 Supp. 61-2709(a).

Appeal from Ellis District Court; BLAKE A. BITTEL, judge. Opinion filed February 4, 2022. Reversed and remanded with directions.

*J. Curtis Brown*, of Law Office of J. Curtis Brown, LLC, of Hays, for appellant.

*Heather R. Fletcher*, of Johnson Fletcher, LLC, of Hays, for appellee.

Before ARNOLD-BURGER, C.J., GREEN, and BUSER, JJ.

BUSER, J.: After a district magistrate judge entered judgment for Scott Brown in a small claims action, Casey Zimmerman appealed to the district court invoking K.S.A. 2020 Supp. 61-2709(a). Upon reviewing the small claims record of proceedings, the district judge affirmed the judgment on appeal pursuant to K.S.A. 2020 Supp. 20-

1

302b(c)(2). Contending that he was entitled to a trial de novo, not simply a review of the record, Zimmerman appeals to our court from the district judge's ruling.

Upon our review, we find that Zimmerman appealed from the judgment entered pursuant to the Small Claims Procedure Act, K.S.A. 61-2701 et. seq., which was on the record and determined by the district magistrate judge who is not regularly admitted to practice law in Kansas. Under these circumstances, the appeal should have been tried and determined de novo by a district judge as provided in K.S.A. 2020 Supp. 61-2709(a). Accordingly, we reverse the judgment and remand with directions to the district court to conduct a trial de novo.

FACTUAL AND PROCEDURAL BACKGROUND

Brown and his wife were looking for a cheap but reliable used car for their daughter. They saw an advertisement by Double Z's Trailers, LLC in Hays for a 2002 Oldsmobile Intrigue. Zimmerman is the owner of the dealership. The advertisement said the car had been driven only 135,000 miles and was "100% mechanically sound—no engine light or any other warning lights of any kind. Ready to roll." The advertisement also stated: "This is not a brand new vehicle, so do not waste my time. . . . If you are expecting a brand new car with a bumper to bumper warranty look elsewhere please."

Brown contacted Zimmerman and arranged to look at the car. According to Brown, Zimmerman told him he had purchased the Intrigue at an auto auction in Topeka and that his wife had driven the vehicle from Topeka to Hays without any mechanical problems. Zimmerman later denied making the statement and testified that the vehicle had been "trailered" from Topeka to Hays. Brown took the car for a brief, unremarkable test drive on Zimmerman's property. On that eventful day, July 9, 2019, Brown purchased the Intrigue for $2,292.75, sales tax included.

2

After leaving Zimmerman's business and driving the newly purchased vehicle 20 miles down the highway, the Intrigue's engine overheated. According to Brown, "we ended up limping it off the road at Munjor Exit on I-70." When a telephone conversation with Zimmerman was not especially productive in resolving the problem, Brown had the vehicle towed 90 miles to his home in Gem, Kansas.

A later inspection by Brown under the hood revealed "the upper radiator hose that goes to the thermostat housing was actually tied on with baling wire. And the engine was full of stop leak." A mechanic inspected the car and informed Brown, "at minimum we have a bad head gasket." Repair costs were estimated at between $2,000 and $3,000.

After filing a complaint with the Kansas Attorney General's Office to no avail, Brown filed an action under the Small Claims Procedure Act (SCPA) in Ellis County District Court. Brown complained: "I purchased a vehicle from Mr. Zimmerman under false pretenses. Statements made by the seller were found to be contrary to fact, and the vehicle is not operational without substantial repair. I am seeking a refund of my expenses with this fraudulent transaction."

Trial was held on March 9, 2020, before District Magistrate Judge Brendon Boone, who is not regularly admitted to practice law in Kansas. Brown and Zimmerman appeared pro se. Judge Boone informed the parties at the beginning of trial, "Small claims is a little bit like what you see on TV, but without all the drama." Both men were sworn, testified regarding the dispute, and presented 41 pages of documents, papers, text messages, and photographs in support of their legal positions. The trial proceedings were memorialized in a 17-page transcript.

At the conclusion of trial, Judge Boone ruled, "I think, Mr. Zimmerman, you did misrepresent the vehicle, just the aspect of it being a hundred percent mechanical." The Judge also noted that in Zimmerman's "text messages to Mr. Brown, you state you did

3

drive it from Topeka, it didn't heat up." Yet, Zimmerman had testified the vehicle was trailered from Topeka to Hays. Judgment was entered in favor of Brown. Zimmerman was ordered to pay Brown $2,375.25 and interest. Possession of the Intrigue was awarded to Zimmerman.

Zimmerman, now represented by an attorney, filed a timely notice of appeal in the Ellis County District Court, "pursuant to K.S.A. 61-2709(A)" requesting a trial de novo before a district judge. Five months later, District Judge Blake A. Bittel filed a journal entry of appeal that stated: "After review of the record pursuant to K.S.A. 20-302b(c)(2) [j]udgment . . . is hereby Affirmed."

Zimmerman filed a motion to reconsider, arguing his appeal should have been heard de novo because, unlike K.S.A. 20-302b(c)(2) which applies generally to decisions of district magistrate judges, K.S.A. 2020 Supp. 61-2709(a) specifically applies to appeals from small claims judgments and provides for a trial de novo. Zimmerman argued that "[t]he more specific statute should control, and the appeal should be heard de novo." Brown opposed the motion and the district judge denied the motion to reconsider.

Zimmerman filed a timely notice of appeal of Judge Bittel's affirmance of the small claims judgment, and the denial of Zimmerman's motion to reconsider.

DID THE DISTRICT COURT ERR IN AFFIRMING THE SMALL
CLAIMS JUDGMENT WITHOUT CONDUCTING A TRIAL DE NOVO?

On appeal, Zimmerman contends the district court erred in denying his appeal by only reviewing the record because K.S.A. 2020 Supp. 61-2709(a) requires that appeals under the SCPA "shall be tried and determined *de novo* before a district judge." Brown counters that the district court properly applied K.S.A. 2020 Supp. 20-302b(c)(2)(A) which provides that an appeal of an order or final decision by a district magistrate judge

4

who is not regularly admitted to the practice of law shall be determined on the record if one was made.

Zimmerman's appeal requires statutory interpretation, which is an issue of law subject to unlimited review. *Nauhiem v. City of Topeka*, 309 Kan. 145, 149, 432 P.3d 647 (2019). In particular, this appeal necessitates the interpretation of two Kansas statutes, K.S.A. 2020 Supp. 61-2709(a) and K.S.A. 2020 Supp. 20-302b(c)(2).

K.S.A. 2020 Supp. 61-2709(a) states, in relevant part: "An appeal may be taken from any judgment under the small claims procedure act. . . . *All appeals shall be tried and determined de novo before a district judge*, other than the judge from which the appeal is taken." (Emphasis added.)

On the other hand, K.S.A. 2020 Supp. 20-302b(c)(2) states in relevant part:

> "(2) In accordance with the limitations and procedures prescribed by law, and subject to any rules of the supreme court relating thereto, *any appeal permitted to be taken from an order or final decision of a district magistrate judge: (A) Who is not regularly admitted to practice law in Kansas shall be tried and determined de novo by a district judge, except that in civil cases where a record was made of the action or proceeding before the district magistrate judge, the appeal shall be tried and determined on the record by a district judge.*" (Emphasis added.)

Zimmerman contends that K.S.A. 2020 Supp. 61-2709(a) takes precedence over K.S.A. 2020 Supp. 20-302b(c)(2)(A) because it is specific to judgments under the SCPA, compared to K.S.A. 2020 Supp. 20-302b(c)(2), which relates to appeals from orders or final decisions of district magistrate judges generally. Zimmerman also points out that the prefatory language "[i]n accordance with the limitations and procedures prescribed by law" provided in K.S.A. 2020 Supp. 20-302b(c)(2) necessarily gives precedence to the appeals procedure for small claims cases set forth in K.S.A. 2020 Supp. 61-2709(a).

For his part, Brown argues that the district court properly applied K.S.A. 2020 Supp. 20-302b. Brown acknowledges Zimmerman's claim that as an overall rule, specific statutes ordinarily control over general statutes. But Brown argues that K.S.A. 2020 Supp. 20-302b is the more specific statute because "it includes details as to what happens if there is a record; what happens if there is not a record; what happens if the District Magistrate Judge is law trained, and what happens if the District Magistrate is not law trained. K.S.A. 20-203b(c)(2) is the more specific statute." Brown also asserts that allowing for a trial de novo of all small claims judgments would lead to "'unreasonable results,'" particularly when the district magistrate judge practices law.

We begin the analysis with the most fundamental rule of statutory construction—the intent of the Legislature governs if it can be ascertained. *State ex rel Schmidt v. City of Wichita*, 303 Kan. 650, 659, 367 P.3d 282 (2016). In this regard, an appellate court must first attempt to determine legislative intent through the statutory language enacted, giving common words their ordinary meanings. *Nauheim*, 309 Kan. at 149. Where there is no ambiguity, the court need not resort to statutory construction. Only if the statute's language or text is unclear or ambiguous does the court use canons of construction or legislative history to construe the Legislature's intent. 309 Kan. at 150.

The plain language of K.S.A. 2020 Supp. 61-2709(a) supports Zimmerman's argument. Of specific relevance to this appeal, the statute applies to "[a]n appeal . . . from any judgment under the small claims procedure act." K.S.A. 2020 Supp. 61-2709(a). In this regard, the statutory language is plain, clear, and all-encompassing with regard to small claims cases. It states that *all* SCPA appeals—without exception—shall be tried de novo to the district judge. Importantly, the application of K.S.A. 2020 Supp. 61-2709(a) is not limited to whether or not there is a record, or whether or not the district magistrate judge is regularly admitted to practice law in Kansas, or even whether a district magistrate judge decided the small claims case. The plain language of K.S.A. 2020 Supp.

6

61-2709(a) requires that under the circumstances presented in this appeal, the district court was required to conduct a trial de novo to determine the appeal.

On the other hand, the plain language of K.S.A. 2020 Supp. 20-302b(c)(2)(A) supports Brown's argument. As in this appeal, the statute applies to "any appeal permitted to be taken from an order or final decision of a district magistrate judge." K.S.A. 2020 Supp. 20-302b(c)(2). Since the parties agree that Judge Boone was not regularly admitted to practice law in Kansas, the statute provides that "in civil cases where a record was made of the action or proceeding before the district magistrate judge, the appeal shall be tried and determined on the record by a district judge." K.S.A. 2020 Supp. 20-302b(c)(2)(A). As detailed in the factual and procedural background, this is the situation the district court encountered on appeal, and this is the statute the district judge relied on in affirming the appeal based only on his review of the record.

It is apparent that a plain reading of the two statutes does not resolve the question of whether, under the circumstances of this case, the district court was required to consider and determine Zimmerman's small claims appeal by a trial de novo or on the record. Employing a well-known rule of statutory construction, however, provides helpful guidance: "'[T]he more specific statute governs when two statutes are in conflict. "A specific statute controls over a general statute."'" *In re Equalization Appeal of Target Corp.*, 311 Kan. 772, 781, 466 P.3d 1189 (2020) (quoting *In re Tax Exemption Application of Mental Health Ass'n of Heartland*, 289 Kan. 1209, 1215, 221 P.3d 580 [2009]).

But which is the more specific statute? K.S.A. 2020 Supp. 61-2709(a) is found in the SCPA, which is located in Chapter 61, the Code of Civil Procedure for Limited Actions. The SCPA provides the all-inclusive, comprehensive procedure to be employed in litigating small claims actions in Kansas. Moreover, if the SCPA does not provide for a specific procedure, the Code of Civil Procedure for Limited Actions applies. See K.S.A.

7

61-2702. In essence, K.S.A. 2020 Supp. 61-2709(a) relates specifically to appeals from SCPA judgments and mandates that "[a]ll appeals shall be tried and determined de novo before a district judge, other than the judge from which the appeal is taken."

Brown counters that K.S.A. 2020 Supp. 20-302b(c)(2) is more specific because it provides for detailed appellate procedures only relating to district magistrate judges—even setting forth separate procedures in circumstances where a magistrate judge is or is not regularly admitted to practice law, when there is or is not a record of the proceeding from the magistrate judge's order or final decision, and when the proceeding is civil or otherwise.

We are persuaded that K.S.A. 2020 Supp. 61-2709(a) is the more specific and, therefore, controlling statute under the circumstances presented in this appeal. K.S.A. 2020 Supp. 61-2709(a) applies explicitly to appeals from SCPA judgments granted by district magistrate judges or district judges. It is part and parcel of a self-contained procedural act expressly and solely pertaining to small claims litigation in Kansas courts. Because it is more specific, K.S.A. 2020 Supp. 61-2709(a) should take precedence over the general provisions of K.S.A. 2020 Supp. 20-302b(c)(2) when determining the appellate process to be used in SCPA cases.

Moreover, while K.S.A. 2020 Supp. 20-302b(c)(2) applies generally to appeals of orders and final decisions by district magistrate judges, its provisions do not relate exclusively to SCPA judgments. K.S.A. 2020 Supp. 20-302b(a) provides district magistrate judges with jurisdiction over a myriad of subject matters—other than SCPA cases—including conducting trials of misdemeanor offenses, felony preliminary hearings and arraignments, uncontested divorce actions, limited actions, and other civil cases, to name just a few subject areas. The extent and breadth of jurisdiction afforded to district magistrate judges under K.S.A. 2020 Supp. 20-302b(a) necessitates appeal provisions with general application as found in K.S.A. 2020 Supp. 20-302b(c)(2). These appeal

8

provisions are more wide-ranging than the explicit appeal provisions found in K.S.A. 2020 Supp. 61-2709(a) which only relate to appeals of SCPA judgments.

There is another reason for our determination that K.S.A. 2020 Supp. 61-2709(a) should control the appellate process in SCPA cases wherein a district magistrate judge who is not regularly admitted to practice law in Kansas enters a judgment on the record. The general appellate provisions of K.S.A. 2020 Supp. 20-302b(c)(2) are prefaced by the prepositional phrase, "[i]n accordance with the limitations and procedures prescribed by law, and subject to any rules of the supreme court relating thereto." This prefatory phrase suggests that, as in this case, where other Kansas statutes dictate limitations or procedures relating to particular appeals, the general appellate procedures of K.S.A. 2020 Supp. 20-302b(c)(2) should be in accord or conforming with those limitations or procedures.

We find support for our understanding of the meaning of this prepositional phrase in a criminal case, *State v. Kleen*, 257 Kan. 911, 896 P.2d 376 (1995). In *Kleen*, our Supreme Court considered whether the State was entitled to a de novo preliminary hearing before a district judge upon appeal from a dismissal of charges by a district magistrate judge at the preliminary hearing. The State appealed the dismissal to a district judge who reviewed the record of the preliminary hearing and upheld the dismissal. On appeal to the Kansas Supreme Court, the State contended it was entitled to a de novo appeal hearing before the district judge.

In relevant part, the State argued that K.S.A. 1994 Supp. 20-302b(c) provided for a trial de novo of any decision of a district magistrate judge in a criminal case, including whether there was probable cause to bind a defendant over for trial. The Supreme Court disagreed. It concluded that a specific statute, K.S.A. 1994 Supp. 22-3602(b) and (c), took precedence over the general provisions of K.S.A. 1994 Supp. 20-302b(c). Our Supreme Court held:

9

"K.S.A. 1994 Supp. 20-302b(c) provides for a de novo appeal before a district judge '*in accordance with the limitations and procedures prescribed by law*.' (Emphasis added.) The limitations and procedures prescribed by K.S.A. 1994 Supp. 22-3602(b) and (c) provide that the State has the right to appeal from a district magistrate judge's order dismissing a criminal complaint to a district judge on the record in the same manner as the State may appeal as a matter of right to this court from a dismissal of a criminal complaint by a district judge.

"We hold that when a district magistrate judge dismisses a criminal complaint or indictment for lack of probable cause after a preliminary hearing, the State is not entitled to a de novo preliminary hearing before the district judge but is entitled to appeal as a matter of right on the record under the provisions of K.S.A. 1994 Supp. 22-3602(c)." 257 Kan. at 914.

*Kleen* provides valuable guidance that the qualifying language "[i]n accordance with the limitations and procedures prescribed by law" that preface the general appellate provisions of K.S.A. 2020 Supp. 20-302b(c)(2) makes clear the Legislature's intent that specific appellate procedures set forth in Kansas statutes control and take precedence over the general provisions found in K.S.A. 2020 Supp. 20-302b(c)(2).

Our holding in this appeal is also bolstered by *In re K.J.*, 242 Kan. 418, 748 P.2d 419 (1988). In this termination of parental rights case filed under the Code for Care of Children, K.S.A. 38-1501 et seq., the district magistrate judge found the parents of two children unfit and terminated their parental rights. The parents appealed to the district court which affirmed the termination based on a review of the record of the termination hearing. The parents then appealed to the Kansas Court of Appeals. See *In re K.J.*, 12 Kan. App. 2d 188, 737 P.2d 874 (1987).

On appeal to our court, the parents contended their appeal of the district magistrate's termination order was controlled by K.S.A. 38-1591(b) of the Code for Care of Children, which provided: "An appeal from an order entered by a district magistrate judge shall be to a district judge. The appeal shall be heard de novo within 30 days from

10

the date the notice of appeal is filed." 12 Kan. App. 2d at 188. The parents asserted that the district court erred in ruling on the case on the record of the proceedings before the district magistrate judge. On the other hand, the State argued that K.S.A. 1986 Supp. 20-302b controlled and, as a result, the district judge's ruling on the record rather than a de novo trial was proper.

In our court's opinion, we framed the issue this way: "The State contends that 20-302b defines the nature of the appeal procedure to be followed by the district judge hearing an appeal pursuant to K.S.A. 38-1591(b). The parents argue that K.S.A. 38-1591(b) and its designation of a de novo appeal is solely controlling." 12 Kan. App. 2d at 189.

We held for the parents, reasoning:

"When there is a conflict between a statute dealing generally with a subject and another statute dealing specifically with a certain phase of it, the specific statute controls unless it appears that the legislature intended to make the general act controlling. While 20-302b(c) deals generally with the manner in which appeals from the decisions of district magistrate judges are to be considered, K.S.A. 38-1591 is a specific provision describing the procedure to be followed in an appeal from a magistrate's order in a juvenile proceeding. . . .

". . . Since K.S.A. 38-1591 is the more specifically applicable statute and it requires that the appeal shall be de novo without reference to 20-302b, we conclude that the appeal should have been de novo as that term has been commonly and historically used.

". . . The district court's resolution of this case on the record developed before the district magistrate judge was prejudicial error. [Citations omitted.]" 12 Kan. App. 2d at 189-90.

11

Our Supreme Court granted the petition for review and affirmed our holding:

> "The Court of Appeals correctly held that, in an appeal from the decision of a district magistrate judge in a proceeding filed pursuant to the Code for Care of Children, K.S.A. 38-1501 et seq., the district judge must hear the case as if it were originally filed for trial before the district judge. For the reasons stated by the Court of Appeals in its opinion, we conclude that the trial court's determination of this case based on the record of the trial before the district magistrate judge was prejudicial error." 242 Kan. at 419.

Albeit in different contexts, *Kleen* and *In re K.J.* provide valuable precedent for resolving this appeal. K.S.A. 2020 Supp. 61-2709(a), relating to appeals from SCPA judgments, is the more specific statute which is part of a self-contained procedural act explicitly pertaining to small claims litigation in Kansas courts. As a result, the general appellate procedures for district magistrate judges under K.S.A. 2020 Supp. 20-302b(c)(2)(A) must be in accord or conforming with the limitations or procedures of K.S.A. 2020 Supp. 61-2709(a). In other words, under the circumstances presented in this litigation, Zimmerman's appeal should be "tried and determined de novo before a district judge." K.S.A. 2020 Supp. 61-2709(a).

For the sake of clarity, we pause to explain the meaning of de novo review in the context of K.S.A. 2020 Supp. 61-2709(a). In *State v. Wright*, 26 Kan. App. 2d 879, 880, 995 P.2d 416 (2000), our court explained the process of de novo review of a magistrate judge's decision:

> "When a statute provides for review of a magistrate judge's decision de novo by a district judge, the matter is to be tried before the district judge as if no trial had initially been had before the magistrate. This is the very definition of de novo trial, as Black's Law Dictionary attests: 'Trying a matter anew; the same as if it had not been heard before and as if no decision had been previously rendered.'"

12

Because Zimmerman was statutorily entitled to an appeal de novo of the adverse judgment entered by the district magistrate judge, we hold the district court erred by affirming the judgment upon a review of the record. The case is reversed and remanded to the district court with directions to conduct a trial de novo.

ISSUES RAISED BY BROWN ON APPEAL

In his appellee's brief, Brown raises three issues for the first time on appeal. First, he argues that since he was the successful appellee on review by the district court, he is entitled to reasonable attorney fees. But Brown never asked for attorney fees in the district court and the district court made no ruling on the issue. Issues not raised before the district court may not be raised on appeal. *Gannon v. State*, 303 Kan. 682, 733, 368 P.3d 1024 (2016).

Second, Brown asserts that if the case is remanded to the district court for a trial de novo, he should be allowed to present the issue of storage fees since he claims that Zimmerman has not retrieved the car and it is being stored at considerable expense. This issue also was not raised in the district court. As a result, we have no ruling or decision to review. See 303 Kan. at 733. Moreover, as a general rule, Kansas appellate courts do not render advisory opinions. *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 866 (2012). We decline to review this issue.

Finally, Brown argues that Zimmerman has waived and abandoned any arguments regarding the merits of the adverse judgment entered against him because he did not brief the merits on appeal. But Zimmerman appealed the validity of the adverse judgment due to a violation of his statutory right to have the appeal tried de novo by the district court. As we have held, the judgment is reversed. Given our holding, the merits of the claim have not been decided. The merits will be ruled upon on remand at the trial de novo.

Reversed and remanded with directions for the district court to conduct a trial de novo.