No. 124,251

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

FREDERICK TODD WIEDEMANN,
*Appellant*,

v.

PI KAPPA PHI FRATERNITY, ET AL.,
*Appellees*.

SYLLABUS BY THE COURT

1.

Parties to actions brought in small claims court pursuant to the Small Claims Procedure Act and the Code of Civil Procedure for Limited Actions may seek relief from such small claims judgments or orders from the district court pursuant to K.S.A. 60-260.

2.

A district court reviewing the small claims judgment or order pursuant to K.S.A. 60-260 performs a predominantly appellate review, only deciding the issues preserved and raised by the party seeking review, and does not conduct a new trial.

3.

A person or entity does not consent to personal jurisdiction by its actions when it timely files motions raising the defense of lack of personal jurisdiction.

4.

A small claims judgment entered against a person or entity over which the issuing court lacked personal jurisdiction is a nullity and may be set aside at any time.

1

Appeal from Sedgwick District Court; WILLIAM S. WOOLLEY, judge. Opinion filed December 23, 2022. Affirmed.

*Kevin M. McMaster*, of McMaster & McMaster LLC, of Wichita, for appellant.

No appearance by appellees.

Before CLINE, P.J., ISHERWOOD and HURST, JJ.

HURST, J.:  This appeal stems from Frederick Todd Wiedemann's small claims action against multiple defendants seeking repayment of prepaid expenses for his son's room and board during the COVID-19 disrupted spring semester of 2020. What seems like a simple claim became more complicated when Wiedemann amended his small claims petition and, among other changes, added three new parties—but omitted the only party to the original small claims petition. The small claims court ultimately entered judgment against two entities, one of whom was not included as a party to the amended petition. In order to resolve the apparent civil procedure conundrum, Pi Kappa Phi Fraternity (Fraternity) appealed to the district court which agreed that the small claims court lacked personal jurisdiction to enter judgment against the Fraternity. Wiedemann now appeals the district court's dismissal of the Fraternity from the small claims judgment, although he still has a valid judgment against the second entity—Greek Housing USA.

Finding no error, this court affirms the district court.

FACTUAL AND PROCEDURAL BACKGROUND

Wiedemann prepaid $5,250 for his child's room and board for the spring semester of 2020 at the Pi Kappa Phi Fraternity house at the University of Kansas. Unfortunately, due to the COVID-19 pandemic, Fraternity was forced to close for a portion of that

2

semester. Wiedemann requested a refund for the months his child was unable to occupy the fraternity house due to its closure, but was denied. On May 27, 2020, Wiedemann filed a small claims petition in Sedgwick County District Court against Fraternity, seeking repayment of the prepaid room and board for the months that the fraternity house was closed—in total, he sought $3,100. Wiedemann also requested the return of several of his child's personal items that had been left in the house. Wiedemann then caused the summons to be served on Fraternity's CEO, who was also its attorney and lived in North Carolina.

On the morning of the scheduled trial date—July 1, 2020—Fraternity's attorney requested a continuance citing the ongoing COVID-19 pandemic for his inability to make it to the trial in Kansas. The court granted the requested continuance and postponed the trial just three weeks to July 22. The next week, and prior to the continued trial date, Wiedemann filed an amended petition in which he listed Pi Kappa Phi Properties (Properties), Greek Housing USA (Greek Housing), and Pi Kappa Phi Theta Epsilon Alumni Chapter, Inc. (Alumni Chapter) as the defendants. Notably, Wiedemann did not include Fraternity—the only defendant in the original petition—as a party defendant in the amended petition. Wiedemann also increased his total requested relief to $3,375 and he claimed that he had made the prepayment to Properties, rather than Fraternity. Wiedemann only served Greek Housing and Properties with the amended petition and summons, and he did not serve either Alumni Chapter or Fraternity with the amended petition.

The amended petition and summons both listed July 22—the same date of the rescheduled trial from the original petition—as the trial date. The returns on service from both the petition and amended petition show that Properties and Fraternity are located at the same address. Wiedemann later claimed that he amended the original petition without adding Fraternity because he "believed that it was not necessary to include in the

3

Amended Petition the name of the party, [Fraternity], who had already been named, served, appeared, and obtained the continuance of the trial."

On July 22, 2020, the small claims court granted Wiedemann judgment against both Fraternity and Greek Housing in the amount of $3,375 along with costs of $129.50. There is no transcript from the trial, but the journal entry of judgment notes that the parties—Wiedemann and Fraternity—appeared. Later pleadings suggest that Fraternity was present via a nonattorney representative. The small claims court found Greek Housing in default for its failure to appear. Notably, Properties did not appear in the case caption, was not included in the judgment, and appears to have been crossed out by hand in one of the copies of the journal entry in the appellate record. Wiedemann did not object to the small claims court's failure to include Properties in the judgment.

About one week after the small claims trial, two attorneys entered their appearances on behalf of Fraternity and Fraternity appealed the small claims judgment to the district court pursuant to K.S.A. 2021 Supp. 61-2709(a). In its district court appeal, Fraternity used the same case caption and parties from the small claims court journal entry of judgment, which did not include Properties as a party. Wiedemann did not object to Fraternity's omission of Properties—which was not included in the small claims court judgment—from the case caption in its notice of appeal to the district court.

Wiedemann submitted a proposed pretrial order to the district court that included claims against Fraternity, who was included in the small claims judgment, and he also tried to add claims against Properties. But Properties was neither included in the small claims judgment, nor as a party in the district court appeal. On December 16, 2020, an attorney representing Properties, and claiming to be unable to enter an appearance, filed a motion for continuance of the pretrial conference. Properties opposed Wiedemann's attempt to add claims against it through the district court pretrial order and noted that "No judgment was entered against Properties" and that "Properties is not a party to the

4

appeal." Properties further asserted that it had "a number of defenses to [Wiedemann's] action should [he] wish to make or revive a claim against Properties—but at this juncture, no such claim against Properties exists."

At the pretrial conference, Wiedemann acknowledged that the small claims court had not entered any judgment against Properties, and Properties was not included in the district court appeal. Wiedemann explained, "[i]t's new claims against an entity that there was no judgment entered against," but still requested permission to serve the district court appeal pretrial order on Properties pursuant to K.S.A. 2021 Supp. 60-205(a)(2). The district court denied Wiedemann's request, explaining, "[T]his is a small claims appeal, and the only judgment appealed is the judgment against [Fraternity] . . . there needs to be a proper motion before the Court to cross-appeal against [Properties] in order for them to be a proper party in this action." The court then asked Wiedemann if he intended to file a cross-appeal against Properties, but Wiedemann's attorney responded, "Likely not, but I'm not saying definitively no."

Several months later, on March 5, 2021, Fraternity filed a combined motion to dismiss and for relief from small claims judgment. Fraternity argued that Wiedemann had failed to state a claim upon which relief could be granted because he lacked standing as merely the guarantor of the lease and Fraternity was not a party to the lease agreement. Fraternity also sought relief from the small claims judgment due to the excusable neglect of its nonattorney representative at the small claims trial. Finally, Fraternity argued that the small claims judgment against it was void pursuant to K.S.A. 2021 Supp. 60-260(b)(4) and that the small claims court lacked personal jurisdiction over Fraternity because Wiedemann had failed to serve it a copy of the amended petition and, therefore, it did not have notice of Wiedemann's new claims. Additionally, Fraternity was not included as a party in the amended petition. Fraternity claimed that its nonattorney representative only appeared at the July 22 trial because of the continuance of the prior

trial date—in which it was included as a party—and it would not have appeared had it known Wiedemann had removed it as a party from the amended petition.

At the district court hearing on Fraternity's motion to dismiss, Fraternity explained that it was only seeking relief for itself on appeal but clarified that since Wiedemann had not cross-appealed to add Properties to the small claims judgment—Properties could not be a party to the district court appeal. Wiedemann reasserted that he should have been permitted to raise claims against Properties in the pretrial order. The district court ruled that

- (1) Wiedemann had standing to pursue reimbursement as the guarantor of his son's lease;
- (2) Fraternity was, as a matter of law, permitted to raise procedural defenses, such as lack of personal jurisdiction, that were not raised in the small claims proceeding; and
- (3) Fraternity was not properly served the amended petition and summons, did not consent to the court's jurisdiction, and did not waive its right to raise personal jurisdiction as a defense on appeal.

The court filed a handwritten motion minutes order explaining its decision and that Fraternity's motion to dismiss was "granted on jurisdiction issue."

Wiedemann filed a motion for relief from judgment and argued the district court made inadequate findings of fact and conclusions of law in granting Fraternity's motion to dismiss. Wiedemann also requested the district court correct the small claims judgment to show that Properties was in default and to enter judgment against it. Although the district court had previously found Properties was not a party to the appeal, Properties nevertheless responded to Wiedemann's motions, again asserting: "No judgment was entered against Properties nor was any action taken as to Properties at that hearing," and further noted that Wiedemann "did not file a cross-appeal" and that "[n]either party raised

6

the issue of Properties' involvement, and neither party raised the lack of judgment entered against Properties."

The district court held a hearing on Wiedemann's motions and affirmed its prior rulings, and explained its jurisdictional rulings as follows:

> "[W]hile it may be technical, you still somehow have to indicate to everybody that I'm amending this, but I still want [Fraternity] involved. And that's not what was—that's not what happened, based upon what you all are arguing and the record that you've given me. So the second time around Fraternity was not part of the petition, and nobody's disputing that Fraternity was named in the second or the amended petition.
>
> "Now, its problematic that Fraternity may or may not have appeared at the first one. Normally if you appear you've waived personal jurisdiction. Everybody knows that. But it's also at some point you have to be able to say I haven't been properly served, . . . it's both substantively and procedurally I shouldn't be involved in this. And the Fraternity has properly raised that, and I'm still holding as a matter of law that the Fraternity can properly raise that in the small claims appeal reviewed by the district court."

The district court also addressed Wiedemann's attempt to bring Properties into the appeal via the pretrial order—rather than filing a cross-appeal to correct the small claims judgment to add Properties as a party—and the court concluded:

> "But Judge Smith already made rulings with regard to whether or not Properties was a proper party in this appeal. The appeal was taken by Fraternity, and if for some reason crossing out Properties was a mistake there were remedies for that. And Judge Smith told everybody that there was a problem because of having Properties be part of the appeal, and nothing's been done since then, whether it was going back and trying to have the small claims judge cure the mistake, which arguably at this point the small claims judge wouldn't have jurisdiction, or trying to add Properties by cross claiming against Properties. So with that in mind the motion for relief from judgment is denied[.]"

Wiedemann appeals and seeks appellate costs and attorney fees in the amount of $16,159.50 from both Fraternity and Properties. Although no other party has filed a brief with this court, Properties filed a motion in opposition to Wiedemann's request for attorney fees as well as a motion for involuntary dismissal of Wiedemann's appeal. After Wiedemann filed his brief, this court granted Fraternity's attorney's motion to withdraw and subsequently removed Fraternity as a party to the appeal.

DISCUSSION

On appeal, Wiedemann argues that: (1) the district court erred in denying his request to add claims against Properties into the pretrial order; (2) the district court was not permitted "to review the judgment entered by the small claims court" and that K.S.A. 2021 Supp. 61-2709 required the small claims appeal "to be determined as if it were a new case and not based on any prior record"; (3) the district court erred by permitting Fraternity to file for relief from judgment under K.S.A. 2021 Supp. 60-260 and a motion to dismiss under K.S.A. 2021 Supp. 60-212(b)(6); and (4) the district court erred by sua sponte determining that the small claims court lacked personal jurisdiction over Fraternity.

I.   *The district court properly denied Wiedemann's request to add claims against Properties, a nonparty in the underlying judgment, through the pretrial order in Fraternity's appeal.*

Wiedemann contends that because a district court must review a small claims judgment de novo, the "entire case"—which here would include claims against Properties that were not included in the small claims judgment—should have been included in the district court appeal. Wiedemann's claim requires this court to interpret the relevant statutes, which involves a question of law subject to unlimited review. See *Nauheim v. City of Topeka*, 309 Kan. 145, 149, 432 P.3d 647 (2019).

8

Wiedemann relies on K.S.A. 2021 Supp. 61-2709(a) for the proposition that the district court should have essentially conducted a new trial. The relevant portion of the statute provides:

> "An appeal may be taken from any judgment under the small claims procedure act. All appeals shall be by notice of appeal specifying the party or parties taking the appeal and the *order, ruling, decision or judgment complained of* and shall be filed with the clerk of the district court within 14 days after entry of judgment. All appeals shall be tried and determined de novo before a district judge . . . . The appealing party shall cause notice of the appeal to be served upon all other parties to the action in accordance with the provisions of K.S.A. 60-205, and amendments thereto." (Emphasis added.)

Panels of this court have determined that "appeal," as used in K.S.A. 2021 Supp. 61-2709(a), "refer[s] to *a review of the judgment* of the small claims court, not to a new, original action in the district court." (Emphasis added.) *Armstrong v. Lowell H. Listrom & Co.*, 11 Kan. App. 2d 448, 451, 725 P.2d 540 (1986); *Brown v. Zimmerman*, 61 Kan. App. 2d 537, 541, 506 P.3d 300 (2022) ("[T]he statutory language is plain, clear, and all-encompassing . . . *all* SCPA appeals—without exception—shall be tried de novo to the district judge."). Similarly, "a district court hearing an appeal from a small claims action *may only decide those issues properly preserved for appeal by an appellant or cross-appellant*." (Emphasis added.) *Wurtz v. Cedar Ridge Apts.*, 28 Kan. App. 2d 609, 615, 18 P.3d 299 (2001). The district court's de novo review of the small claims appeal pursuant to K.S.A. 2021 Supp. 61-2709(a) applies to those actions that can properly be appealed, such as a judgment or order, and "the proceeding is still predominantly appellate in nature." 28 Kan. App. 2d at 615.

While Wiedemann's small claims court amended petition named Properties, Greek Housing, and Alumni Chapter as defendants, the small claims court only found Fraternity and Greek Housing liable and entered judgment only against those two entities. Although Wiedemann failed to serve Alumni Chapter, there is no explanation in the record as to

why Properties, which was served the amended petition and summons, was not included in either the case caption or in the judgment for Wiedemann. While the small claims court may have been able to enter a default judgment against Properties based on its failure to appear—Wiedemann did not request a default judgment against Properties, object to the judgment's omission of Properties, or file an appeal or cross-appeal to the district court against Properties.

Fraternity—as the only party to appeal the small claims court proceedings to the district court—appealed from the small claims *judgment* and nothing else. Fraternity's notice of appeal to the district court only included Wiedemann, Greek Housing, and Alumni Chapter as parties. Wiedemann still has an uncontested default judgment from the small claims court against Greek Housing that is unaffected by these proceedings.

Properties was not included in the small claims court judgment or as a party to the district court appeal, but Wiedemann still tried to include claims against Properties in his pretrial orders in the district court appeal. Despite not being a party to the action, Properties felt compelled to protect its interest and file a motion opposing Wiedemann's attempt to assert these claims through a pretrial order. At the pretrial conference, Wiedemann conceded that the small claims judgment was only against Fraternity and Greek Housing, and that he was not "trying to resurrect old claims against Properties," but was asserting new claims against an entity that was not a party to the judgment.

Wiedemann's attorney would later claim that he was unaware of the omission of Properties from the small claims judgment: "To tell you the truth, the first time I saw that was this morning, and I didn't follow up on it." But because no judgment was entered against Properties, the district court concluded that Wiedemann could not simply add additional claims against Properties through the pretrial order. The district court explained that Wiedemann was required to file "a proper motion before the Court to cross-appeal against Pi Kappa Phi Properties in order for them to be a proper party in this

10

action." When the court then asked Wiedemann if he intended to file such a cross-appeal, his attorney replied: "Likely not, but I'm not saying definitively no."

The only small claims judgment appealed to the district court was the judgment against Fraternity. Therefore, the district court's de novo review was limited to determining whether the small claims court erred in granting that judgment against Fraternity. Wiedemann never raised the question of whether the small claims court erroneously or mistakenly omitted Properties from the small claims judgment, even though he could have done so by filing a cross-appeal or objecting to the judgment to the small claims court. Because the issue of Properties' omission from the small claims judgment was not properly raised before the district court, the issue may not be raised now in this appeal. See *Wurtz*, 28 Kan. App. 2d at 615 ("If an appellee were allowed to raise an issue in the district court without filing a cross-appeal, the proceeding would not be truly appellate.").

Despite the district court's explicit ruling—and even with the suggestion of the proper procedure—Wiedemann did not file a cross-appeal. This court cannot bring a new party into an action on appeal that was not a party to the underlying action, and Wiedemann's argument on appeal fails.

II.      *The district court properly reached Fraternity's motion for relief from judgment and motion to dismiss.*

Wiedemann's final claims all stem from his argument that the district court was essentially required to retry the small claims court action rather than merely review the judgment or order as appealed. As part of this claim, Wiedemann also contends that the district court should not have permitted Fraternity to seek relief from judgment or dismissal.

11

Although Wiedemann's arguments are not entirely clear, they do appear to require statutory interpretation, making this court's review unlimited. *Nauheim*, 309 Kan. at 149. Panels of this court have consistently recognized that appeals from small claims actions to the district court are similar to an appeal, and require the district court to review a final judgment of the small claims court. See, e.g., *Armstrong*, 11 Kan. App. 2d at 452. In *Armstrong*, the panel explained:

> "[W]e interpret 'appeal' in K.S.A. 61-2709(a) to refer to *a review of the judgment of the small claims court, not to a new, original action in the district court*. The provision for de novo review does not alter the appellate nature of the district court's authority, but rather specifies the procedure to be employed on appeal of a small claims judgment, directing the district court to make an independent determination of the facts. The direction to hear a small claims appeal de novo does not expand the appellate jurisdiction of the district court, which extends no further than the subject matter jurisdiction of the small claims court. [Citations omitted.]" (Emphasis added.) 11 Kan. App. 2d at 451-52.

This court has consistently recognized the above interpretation of the scope of K.S.A. 2021 Supp. 61-2709(a). See *Frost v. Cook*, 30 Kan. App. 2d 1270, 1274, 58 P.3d 112 (2002); *Wurtz*, 28 Kan. App. 2d at 614.

A district court reviewing a small claims judgment performs a predominantly appellate review and may only decide issues that are preserved by an appellant or cross-appellant. Here, Fraternity appealed the small claims judgment against it, and thus the district court was permitted to review that judgment—including any procedural defects such as lack of personal jurisdiction.

Wiedemann also claims, in an apparent contradiction, that the district court lacked authority to decide Fraternity's motions challenging personal jurisdiction. The Small Claims Procedure Act (the Act) provides an all-inclusive, comprehensive procedure for litigating small claims actions in Kansas, and where the Act is silent, the courts apply the

Code of Civil Procedure for Limited Actions. See K.S.A. 61-2701; K.S.A. 61-2702 ("This act shall apply to and be an alternative procedure for the processing of small claims pursuant to the code of civil procedure for limited actions . . . . Except as otherwise specifically provided or where a different or contrary provision is included in this act, the code of civil procedure for limited actions shall be applicable to the processing of small claims and judgments under this act.").

Contrary to Wiedemann's assertion, panels of this court have recognized that petitioners in small claims cases may generally seek relief from judgments or orders pursuant to K.S.A. 2021 Supp. 60-260—as Fraternity did in this case. See *Morton County Hospital v. Howell*, 51 Kan. App. 2d 1103, 1106, 361 P.3d 515 (2015); *Southwestern Bell Yellow Pages, Inc. v. Beadle*, 40 Kan. App. 2d 989, Syl. ¶ 4, 197 P.3d 896 (2008) ("K.S.A. 60-260 . . . is incorporated into the Kansas Code of Civil Procedure for Limited Actions and applies to Chapter 61 judgments so long as it does not conflict with other provisions of Chapter 61."). Additionally, the Act incorporated several provisions of the Code of Civil Procedure, including motions "concerning relief from judgment or order" under K.S.A. 2021 Supp. 60-260. See K.S.A. 2021 Supp. 61-2912(k); K.S.A. 2021 Supp. 61-3304 (providing that the provision of K.S.A. 2021 Supp. 60-260 "shall apply to judgments entered under the code of civil procedure for limited actions where such provisions are not inconsistent with other provisions of the code"). In its district court appeal pursuant to K.S.A. 2021 Supp. 61-2709(a), Fraternity was permitted to seek relief from the small claims judgment pursuant to K.S.A. 2021 Supp. 60-260.

III.    *The district court did not err in finding it lacked personal jurisdiction over Fraternity.*

Wiedemann attacks the district court's finding that it lacked personal jurisdiction over Fraternity on two grounds:  First, that the district court acted improperly and lacked impartiality because it acted sua sponte to find it lacked personal jurisdiction over

13

Fraternity; and second, that the district court erred in finding that it did not have personal jurisdiction over Fraternity. Wiedemann's first contention is simply not supported by the facts. Fraternity raised the personal jurisdiction issue to the district court, arguing that the small claims judgment was void due to insufficient service of process. Fraternity claimed in its motion, "A void judgment is one rendered by a court which lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process. [Citation omitted.]" Thus, the district court did not act on its own or in a biased manner in deciding the issue of personal jurisdiction.

As to Wiedemann's second argument, he contends that the district court had personal jurisdiction either because Fraternity was properly served the original petition—even though Wiedemann later removed Fraternity as a party and it was not served the amended petition—or because Fraternity consented to the jurisdiction of the court. Wiedemann contends Fraternity acceded to personal jurisdiction by filing an appeal, appearing at the small claims trial on the amended petition, and by participating in the pretrial conference on appeal.

Whether the district court has personal jurisdiction is a question of law over which this court exercises de novo review, looking at the issue anew. *Merriman v. Crompton Corp.*, 282 Kan. 433, 439, 146 P.3d 162 (2006)*; Kluin v. American Suzuki Motor Corp.,* 274 Kan. 888, 893, 56 P.3d 829 (2002)*.* Where, as here, the court decides the issue of personal jurisdiction on the basis of the pleadings, affidavits, and other written materials, any factual disputes must be resolved in the plaintiff's favor and the plaintiff need only make a prima facie showing of jurisdiction. *Aeroflex Wichita, Inc. v. Filardo*, 294 Kan. 258, 270, 275 P.3d 869 (2012). The district court found that Wiedemann failed to properly serve Fraternity with the amended petition and thus it lacked personal jurisdiction.

14

Courts must have personal jurisdiction over a party, which is "the court's power over the defendant's person and is required before the court can enter an in personam judgment." *In re Marriage of Salas*, 28 Kan. App. 2d 553, 555, 19 P.3d 184 (2001). And, "[j]urisdiction over the person of the defendant may be acquired only by issuance and service of process in the method prescribed by statute or by voluntary appearance." *Kansas Bd. of Regents v. Skinner*, 267 Kan. 808, 812, 987 P.2d 1096 (1999). Service of process is a formal method used to start an action, and is required to give the defendant notice of the action against them. It is well-settled that "[t]he person named as defendant normally does not become a party to the action until served with the summons." *In re Marriage of Welliver*, 254 Kan. 801, 803, 869 P.2d 653 (1994).

Generally, this court uses a two-step analysis to determine if a Kansas court has personal jurisdiction. First, it determines if Kansas statutes or caselaw provide a basis for the exercise of jurisdiction over a particular defendant. Second, if statutory and other requirements are satisfied, "the court inquires if the exercise of personal jurisdiction complies with the due process requirements of the Fourteenth Amendment to the United States Constitution." *Kluin*, 274 Kan. at 894.

Here, there is no question that Wiedemann served Fraternity with the *initial* petition in which Fraternity was named as the sole defendant. It is also undisputed that Wiedemann did not serve the *amended* petition or summons on Fraternity, and that Fraternity was not included as a defendant. Wiedemann asserts that despite his failure to serve the amended petition, he nonetheless substantially complied with the statutory requirements of service because Fraternity was aware of his claim through the service of the initial petition. He further contends that because Fraternity's headquarters is at the same address as Properties, which was included as a defendant and served the amended petition, Fraternity was put on notice of his amended claim.

15

Substantial compliance with service of process means "'compliance with respect to the essential matters necessary to assure every reasonable objective of the statute.'" *Kuhn v. Schmidt*, 47 Kan. App. 2d 241, 244, 277 P.3d 1141 (2012). However, "'Kansas case law is clear that mere knowledge of pending litigation is not a substitute for valid service of process.'" 47 Kan. App. 2d at 244; see *Skinner*, 267 Kan. at 812 ("The fact that a party has actual knowledge of the pendency and the nature of an action against him or her is not a substitute for service. Notice or knowledge must come from process of service, or there must be a valid waiver."); *Le v. Joslin*, 41 Kan. App. 2d 280, 293, 202 P.3d 677 (2009) ("[A]ctual knowledge of the pendency of an action is not a substitute for service."). Even though Fraternity was aware of Wiedemann's original claim, the service of the initial petition—which contained a different prayer for relief, different statement of the claims, and different defendants than the amended petition—does not cure Wiedemann's failure to serve Fraternity with the amended petition when Fraternity was not included as a defendant in the amended petition. Because Fraternity was not served with the amended petition—and was not identified as a party to the amended petition— Wiedemann did not substantially comply with the statutory requirements, and the district court did not acquire personal jurisdiction over Fraternity.

Despite insufficient service of process, a Kansas court may still exercise personal jurisdiction over a party who expressly or impliedly consents to the personal jurisdiction of a court. This is because "personal jurisdiction is an individual right that can, like other such rights, be waived." *In re Marriage of Williams*, 307 Kan. 960, 967, 417 P.3d 1033 (2018). Thus, the remaining question is whether Fraternity voluntarily appeared or otherwise acceded to the jurisdiction of the district court. See K.S.A. 2021 Supp. 61-3003(f) ("The voluntary appearance *by a defendant* is equivalent to service as of the date of appearance." [Emphasis added.]).

Wiedemann argues that Fraternity voluntarily appeared and consented to the court's jurisdiction because its representative called the district court to request a

16

continuance of the original trial setting on the original petition, and then filed a notice of appeal from the small claims judgment to the district court and subsequent motions for relief from judgment and to dismiss. While the record of the small claims proceedings is sparse, the journal entry of judgment from the initial petition specifically notes that Fraternity did not appear but that it "called from NC." This request for a continuance does not constitute a voluntary appearance. See *Fisher v. DeCarvalho*, 298 Kan. 482, Syl. ¶ 5, 314 P.3d 214 (2013) (holding "an appearance to request an extension of time in which to answer or respond to the petition is not a voluntary appearance that will equate to service of process"). Additionally, Fraternity's subsequent entry of appearance and appeal of the small claims judgment did not waive its right to assert that the court lacked personal jurisdiction because Fraternity also timely asserted the defense of lack of personal jurisdiction. See *Skinner*, 267 Kan. at 815 (party did not acquiesce to personal jurisdiction when she properly challenged the court's lack of personal jurisdiction in her answer, by a motion for summary judgment, and in jury instructions); *In re Marriage of Yockers*, No. 94,065, 2006 WL 1379601, at *4-7 (Kan. App. 2006) (unpublished opinion) (noting that a party may appear in order to seek relief from judgment while also challenging personal jurisdiction). Fraternity timely raised the defense of lack of personal jurisdiction in its pretrial and combined motion to dismiss and for relief from small claims judgment. Fraternity did not waive its personal jurisdiction defenses or consent to jurisdiction when it entered its appearance for the purpose of challenging the court's jurisdiction to enter the small claims judgment.

In addition to the reasons identified above, the district court also properly dismissed Fraternity because it was not a party to the small claims action for which the judgment was entered. See *Ryder v. Farmland Mut. Ins. Co.*, 248 Kan. 352, 367, 807 P.2d 109 (1991) ("[A] judgment may not be rendered for or against one who is not a party to the action or who did not intervene therein."). Wiedemann did not identify Fraternity as a party in the amended petition, and thus the small claims court was without authority to issue a judgment against it stemming from that amended petition. A

17

judgment entered by a court that lacks personal jurisdiction over the defendant is a legal nullity and may be set aside at any time. See *In re Marriage of Hampshire*, 261 Kan. 854, 862, 934 P.2d 58 (1997).

Fraternity raised this issue before the district court when it explained that "had notice of the amended petition been received [it] would not have appeared, there would be no need for [it] to appear, because [it] was not named or otherwise referenced in the amended petition." Although the district court's ruling did not rest on these grounds, the district court recognized Fraternity's argument on this point:

> "[W]hy would they need to appear at the second trial date when the amended petition basically, he's arguing, didn't name Fraternity and was only naming Properties and other defendants. And so why would you need to appear, even if they had been served, when you were not named as a defendant; and then why should [Fraternity] be held liable if for some reason a judgment was entered against [it] when [it was not] named as a defendant at the second one."

While the district court's disposition of the matter on personal jurisdiction grounds was sound, its decision is further justified because Fraternity was not a party to the amended petition. Thus, the district court was also correct in its judgment, even if this court agreed with Wiedemann's claims. See *Gannon v. State*, 305 Kan. 850, 889, 390 P.3d 461 (2017); *Hall v. Kansas Farm Bureau*, 274 Kan. 263, 273, 50 P.3d 495 (2002) ("A trial court decision which reaches the right result will be upheld, even though the trial court may have relied upon the wrong ground or assigned erroneous reasons for its decision.").

IV.  *Wiedemann is not entitled to attorney fees.*

After docketing this appeal, Wiedemann moved this court to award him $16,159.50 in costs and attorney fees incurred in the appellate process. He cites Supreme

Court Rules 7.07 (2022 Kan. S. Ct. R. at 51) and 5.01 (2022 Kan. S. Ct. R. at 31). Properties opposed Wiedemann's request.

Rule 7.07(b)(1) controls this court's authority to grant the party's motion for attorney fees and provides that "[a]n appellate court may award attorney fees for services on appeal in a case in which the district court had authority to award attorney fees." (2022 Kan. S. Ct. R. at 52). Here, the district court had authority to award attorney fees under K.S.A. 2021 Supp. 61-2709(a), which provides that "[i]f the appellee is successful on an appeal pursuant to this subsection, the court shall award to the appellee, as part of the costs, reasonable attorney fees incurred by the appellee on appeal." Because Wiedemann was the appellee before the district court, he would have been entitled to attorney fees if he had prevailed. But he did not. Likewise, Wiedemann has not prevailed on any of his claims before this court and is not entitled to relief on any of the claims he brings before this court. Accordingly, Wiedemann's request for appellate costs and attorney fees is denied.

CONCLUSION

Wiedemann seeks repayment of room and board costs from Properties, an entity against whom no court has entered a judgment, and Fraternity, an entity he failed to sue. Wiedemann cannot, through an appeal to the district court, assert new claims or claims against entities he neglected to properly pursue in small claims court or add through a cross-appeal. To this court's knowledge, Wiedemann still has a judgment against Greek Housing for the entire amount of his actual loss, and his attempt to pursue that amount from nonparties to the judgment or suit is misplaced.

Affirmed.

19